# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1999 SESSION

FILED

July 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9810-CC-00308 |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| CHARLES R. SMITH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Burglary and Theft) |

**FOR THE APPELLANT:**

**C. MICHAEL ROBBINS**
(On Appeal)
46 North Third Street
Suite 719
Memphis, TN  38103

**GARY F. ANTRICAN**
District Public Defender

**RICKEY W. GRIGGS**
(At Trial)
Assistant District Public Defender
P.O. Box 700
Somerville, TN  38068-0700

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**J. ROSS DYER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JERRY W. NORWOOD**
Assistant District Attorney General
302 Market Street
Somerville, TN  38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Hardeman County jury convicted defendant of aggravated burglary, a Class C felony, and theft of property valued at $500, a Class A misdemeanor. The sole issue in this appeal as of right is sufficiency of the evidence. We find the evidence sufficient to support the convictions and AFFIRM the judgment of the trial court.

**FACTS**

On the night of October 16, 1997, a home owned by Radye and Virgie Morphis in the Pocahontas community was burglarized. Law enforcement found signs of forced entry and the inside of the house in disarray. A microwave oven was left on the floor in front of the kitchen door. Items missing from the house included: a deer rifle, compound bow, microwave oven, weed trimmer, kerosene heater, and tool belt. These items were not recovered. Radye Morphis valued these items at $1500.

Grace Short, a next-door neighbor, disturbed by the barking of a dog at about 10:00 p.m., looked out her window and saw an individual moving about the Morphis' property and observed a dim light inside the home (from a match or a lighter). Her husband saw the individual leave the house, put a box-like object on the handlebars of a bicycle and ride south on Main Street over the railroad tracks. The husband saw the individual return to the house a few minutes later.

Grace Short alerted another neighbor, Lynn Hudson, to the suspicious activity. Hudson saw a man in the Morphis' front yard get on a bike with something on the handlebars and ride past her house. The rider went south on Main Street and over the railroad tracks. Like Mr. Short, Hudson witnessed the man's return.

2

She knew it was the same person because she recognized the squeaking sound made by the bicycle. Upon the man's return, Hudson observed his shadow moving between the house and the garage until law enforcement patrol cars arrived.

Hardeman County Sheriff's Deputy Rick Chandler responded to the burglary call. Upon his arrival at the scene, Chandler saw Grace Short gesturing toward the back of the Morphis' house. As he approached the house and came near the detached garage, he saw a bicycle leaning against the garage door. He eventually came upon a pile of scrap materials under which he saw the defendant.

Chandler ordered the defendant to come out from under the scrap materials and placed him under arrest. The defendant behaved belligerently and protested his arrest. In response to the deputy's investigative questioning, defendant claimed to be in the house for a legitimate purpose[1] and said he hid for fear of being in trouble solely because of his reputation.

**SUFFICIENCY OF THE EVIDENCE**

Defendant challenges the sufficiency of the evidence used to support his convictions for aggravated burglary and theft of property. Specifically, he claims that the evidence is purely circumstantial in nature and only establishes his presence in the garage, not the house.

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn.

---

[1]Defendant claimed to be seeking a labor-for-rent arrangement and was looking at the house with that purpose in mind. However, at the time of the offense, defendant was on house arrest and in violation of his community correction's curfew.

3

Crim. App. 1988). However, in order for this to occur, the circumstantial evidence must be consistent with the guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958)(citation omitted); *see also* Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985). Great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

The eyewitness testimony in this case established that a male individual entered the Morphis' property and took several items out of the house. He left on a bicycle with some of the property and returned a few minutes later. When law enforcement arrived on the scene, they found a bicycle leaning against the garage and discovered defendant hiding under a scrap pile. Defendant offered an incredible explanation for his presence on the property at approximately 10:00 p.m. (i.e., his desire to make rental arrangements with the homeowners.)

Defendant fails to overcome the presumption of guilt established by the jury verdict in this case. The evidence was sufficient to support defendant's convictions for aggravated burglary and theft of property.

**CONCLUSION**

4

Based upon the foregoing, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**